FRAVEL *v.* SPRINGFIELD TOWNSHIP, LAPORTE COUNTY.

JUDGMENT.—*Suit on.—Justice of the Peace.*—A judgment of a justice of the peace, rendered against a defendant on his default, may be made the foundation of an action commenced within ten days after the rendition thereof.

APPEAL from the LaPorte Common Pleas.

DOWNEY, J.—The only question involved in this case is, whether a judgment of a justice of the peace, rendered against a defendant, on default, can be made the foundation of an action commenced thereon within ten days after the rendition thereof.

The statute relating to these judgments provides, that " such judgment by default may be set aside, on motion, at any time within ten days thereafter, on payment of all costs, and when so set aside, the justice shall set a day for trial and cause at least three days notice thereof to be given to the plaintiff, and if judgment by default shall a second time be entered, it shall not again be set aside." 2 G. & H. 593, sec. 62.

. It is further provided, that "justices shall, unless othewise directed, issue executions on all judgments when the party appeared, after four days from the rendition thereof, and in cases of judgment by default after the expiration of ten days from the rendition thereof: provided, that in cases of judgment by confession, and in cases commenced by *capias*, and in cases when it shall be made to appear by affidavit that

Fravel *v.* Springfield Township, LaPorte County.

delay will endanger the collection of the judgment, execution shall be issued immediately after entering judgment." 2 G. & H. 600, sec. 76.

It is a well settled rule, that a valid personal judgment may be made the foundation of an action, either in the same or in another court; and this may be repeated at the pleasure of the party to whom the debt is due. The record of a judgment is the highest evidence of indebtedness, requiring only to be alleged and produced in evidence in order to shut out all question as to that fact. But if it can be shown that the judgment has been set aside, reversed, or satisfied, it no longer serves the party as an available cause of action.

We do not think that there is anything in the section of the statute first above quoted which changes this rule in its application to judgments of a justice of the peace rendered by default of the defendant, during the first ten days after their rendition. They would hardly have been styled judgments, and provision made for setting them aside, unless it had been intended and understood that they were valid and effective judgments.

The right to take out an execution on a judgment is not decisive of the question as to the validity of the judgment. The judgment may be in a dormant condition, or the execution may be stayed or superseded. And by the terms of the section of the statute secondly above referred to, it will be seen that during the ten days next after the rendition of judgment by default, by a justice of the peace, execution may be taken out simply by filing an affidavit of a single fact.

We think the common pleas, in sustaining a demurrer to the complaint because it showed that the judgment of the justice of the peace was rendered by default and was not yet ten days old, committed an error.

The judgment is reversed, with costs, and the cause remanded.

*T. S. Cogley,* for appellant.